UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALTAMIRANO SERMENO,<br><br>Plaintiff,<br><br>v.<br><br>SHARIF ELMALLAH.,<br><br>Defendant. | Case No. 2:23-cv-2808-DAD-JDP (PS)<br><br>ORDER |

Plaintiff alleges that defendants Sharif Elmallah, the Clerk / Chief Administrative Officer at Butte County Superior Court, violated his constitutional rights by enforcing the court's local rules. As articulated, the complaint does not state a viable claim. Therefore, I will dismiss the complaint with leave to amend. Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he tried to file a habeas corpus petition with the Butte County Superior Court, but defendant informed him that (1) the next time he tried to file a document, the court would charge him for copies, and (2) the court was not responsible for any technical deficiencies in plaintiff's filings, such as an incorrect case number.[1]  ECF No. 1 at 7-8.  Plaintiff further alleges that defendant failed to train his employees and implemented policies and practices that violated his constitutional rights.  *Id.* at 13-14.  In essence, plaintiff appears to allege that defendant's enforcement of the court's local rules violated his constitutional right to access to court.  *Id.* at 7.

As an initial matter, the complaint does not definitively state that plaintiff was denied

---

[1] It is unclear from the complaint whether plaintiff filed his habeas petition.

2

1  access to court. It appears that the court clerk informed plaintiff that the next time he tried to file
2  documents, he would need to comply with local rules. There is no indication that plaintiff later
3  tried to file documents that were rejected. As it stands, plaintiff has not alleged an access to court
4  claim.

5  Separately, defendant appears to be immune from this action. Court clerks have absolute,
6  quasi-judicial immunity from damages for civil rights violations when they perform tasks that are
7  an integral part of the judicial process. *Mullis v. U.S. Bankr. Ct. For the D. Of Nev.*, 828 F.2d
8  1385, 1390 (9th Cir. 1987); *see also Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979).
9  Clerks qualify for quasi-judicial immunity unless they acted in the clear absence of jurisdiction.
10 *Mullis*, 828 F.2d 1385.

11 Here, even if defendant refused to file plaintiff's documents, defendant's decision to
12 accept and file documents is a basic and integral part of the judicial process. The complaint
13 makes no allegation that defendant acted outside of his role as court clerk. Indeed, plaintiff
14 alleges that the clerk court told plaintiff that he would enforce the court's local rules next time
15 plaintiff tried to file documents with the court. Thus, defendant should be entitled to immunity
16 from plaintiff's claim for damages. *Mullis*, 828 F.2d at 1390; *see also Juarez v. Clerk*, U.S. Fed.
17 Ct, No. C 08-5691 RMW (PR), 2009 WL 385796 at *1 (N.D. Cal. Feb. 13, 2009) (district court
18 clerk was entitled to absolute quasi-judicial immunity for allegedly failing to send the plaintiff
19 court opinion denying his previously filed federal case); *White v. Dep't of Corrs.*, No. CIV F-01-
20 1796 OWW DLB PC, 2008 WL 5246161 at *3 (E.D. Cal. Dec. 15, 2008) (California Supreme
21 Court clerk is immune from damages for allegedly refusing to give the plaintiff's court
22 documents to magistrate judge); *Palacios v. Fresno County Super. Ct.*, No. CIV F-08-0158 at *2-
23 3 (E.D. Cal. Feb. 4, 2008) (Fresno County Superior Court clerks were entitled to absolute quasi-
24 judicial immunity for allegedly providing the plaintiff with misinformation).

25 Accordingly, it is hereby ORDERED that:
26 1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
27 2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.
28 3. Within thirty days from service of this order, plaintiff shall file either (1) an amended

complaint or (2) notice of voluntary dismissal of this action without prejudice.

    4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    February 27, 2025

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE

4