UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALTAMIRANO SERMENO, | Case No. 2:23-cv-2808-DAD-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHARIF ELMALLAH, | |
| Defendant. | |

Plaintiff alleges in his first amended complaint that defendants Sharif Elmallah, the court administrator at Butte County Superior Court, and an unidentified deputy clerk, violated his constitutional rights. The complaint continues to suffer from the same defects as the prior complaint and does not state a viable claim. Therefore, I will recommend that the complaint be dismissed without leave to amend.[1]

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

---

[1] Plaintiff also seeks to file a first amended complaint, ECF No. 7. That request is denied as moot in light of plaintiff's first amended complaint at ECF No. 8.

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff filed a habeas corpus petition with Butte County Superior Court in October 2023, and court staff initially threatened not to file his petition because he lacked the proper paperwork and filing fee. ECF No. 8 at 2-3. Plaintiff alleges that defendants threatened not to file his petition on account of his indigency and race. *Id.* He further alleges that defendants employ racially biased administrative practices, customs, and cultures. *Id.* at 4. Plaintiff asserts four claims for relief: (1) denial of access to courts;[2] (2) retaliation; and (3) selective enforcement. *Id.*

---

[2] Plaintiff list as a cause of action "Forward-Looking Denial of Access to Courts," but the court will treat that as a single denial of access to courts claim.

at 3.  Each claim fails to state a claim.

Plaintiff has failed to allege an access to courts claim because he filed his habeas corpus petition.  *See* ECF No. 8 at 3 ("Although, defendants did end up processing and filing the habeas corpus petition . . . ."); *see Lewis v. Casey*, 518 U.S. 343, 353-55 (1996) (access to courts claim requires *actual injury* to the plaintiff's non-frivolous legal claim caused by the defendants' conduct).  Plaintiff's allegation that defendants almost did not file his petition is insufficient to support an access to courts claim.

Plaintiff has also failed to allege a retaliation claim.  Plaintiff alleges that defendants' actions were taken in retaliation for his prior legal filings, including a case he filed in federal court (*Sermeno v. Irmer*, No. 2:23-cv-2624-TLN-DMC), and the October habeas petition.  ECF No. 8 at 3.  To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."  *Mendocino Environmental Center v. Mendocino Cnty.*, 192 F.3d 1283, 1300-01 (9th Cir. 1999).  Plaintiff's conclusory allegations that defendants threatened to not file his petition (but ultimately did) because he filed prior lawsuits (in different courts) is insufficient to support a retaliation claim because he has failed to allege any resulting injury.

Plaintiff's equal protection claim is insufficient to state a claim.  The Equal Protection Clause provides "that no State shall deny to any person within its jurisdiction the equal protection of the laws[.]"  U.S. Const. Amend. XIV.  The Equal Protection Clause requires that persons similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

To state a § 1983 claim based on a violation of the Equal Protection Clause, plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of individuals which included plaintiff, and that such conduct did not relate to a legitimate state

1    purpose. Further, plaintiff must allege discriminatory intent. *See Washington v. Davis*, 426 U.S.

2    229, 239-40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

3         Plaintiff's claim that he was denied equal protection is insufficient. Plaintiff alleges that

4    other pro se litigants of other races do not have issues filing documents with the court. ECF No. 8

5    at 4. While plaintiff speculates that defendants threatened not to file his petition because of his

6    race, the complaint contains no facts to support this conclusory assertion. Moreover, as noted

7    above, plaintiff filed his petition.

8         Finally, as I informed plaintiff in my prior screening order, defendants appear to be

9    immune from this action. Court clerks have absolute, quasi-judicial immunity from damages for

10    civil rights violations when they perform tasks that are an integral part of the judicial process.

11    *Mullis v. U.S. Bankr. Ct. For the D. Of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also*

12    *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979). Clerks qualify for quasi-judicial

13    immunity unless they acted in the clear absence of jurisdiction. *Mullis*, 828 F.2d 1385.

14         Here, plaintiff argues that defendants threatened to not file his habeas petition but admits

15    that they ultimately did file it. Defendants are entitled to immunity from plaintiff's claim for

16    damages because they were performing tasks that are integral to the judicial process. *Mullis*, 828

17    F.2d at 1390; *see also Juarez v. Clerk*, U.S. Fed. Ct, No. C 08-5691 RMW (PR), 2009 WL

18    385796 at *1 (N.D. Cal. Feb. 13, 2009) (district court clerk was entitled to absolute quasi-judicial

19    immunity for allegedly failing to send the plaintiff court opinion denying his previously filed

20    federal case); *White v. Dep't of Corrs.*, No. CIV F-01-1796 OWW DLB PC, 2008 WL 5246161 at

21    *3 (E.D. Cal. Dec. 15, 2008) (California Supreme Court clerk is immune from damages for

22    allegedly refusing to give the plaintiff's court documents to magistrate judge); *Palacios v. Fresno*

23    *County Super. Ct.*, No. CIV F-08-0158 at *2-3 (E.D. Cal. Feb. 4, 2008) (Fresno County Superior

24    Court clerks were entitled to absolute quasi-judicial immunity for allegedly providing the plaintiff

25    with misinformation).

26         Plaintiff has previously been granted an opportunity to amend his complaint, yet he is no

27    closer to alleging a viable claim. Thus, I find it appropriate to recommend dismissal of this action

28    without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per

curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is hereby ORDERED that plaintiff's motion to file a first amended complaint, ECF No. 7, is denied as moot in light of plaintiff's first amended complaint at ECF No. 8.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's amended complaint, ECF No. 8, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5