UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY ALTAMIRANO SERMENO,

Plaintiff,

v.

SHARIF ELMALLAH,

Defendant.

No. 2:23-cv-02808-DAD-JDP (PS)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND

(Doc. Nos. 10, 11, 16)

Plaintiff Larry Altamirano Sermeno is proceeding *pro se* and *in forma pauperis* in this civil action which he initiated by filing his complaint in this court on December 4, 2023. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 31, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's amended complaint, in which he asserts claims for violation of his constitutional rights against employees of the Butte County Superior Court, be dismissed without further leave to amend for failure to state a cognizable claim. (Doc. No. 10.) Specifically, the magistrate judge concluded, upon screening plaintiff's amended complaint, that plaintiff had failed to cure the pleading deficiencies previously noted by the court, had failed to allege facts

/////

1

stating a cognizable claim for relief because all of his claims were premised on the purported rejection of his filings by the Butte County Superior Court but plaintiff himself alleged that the filing in question (a habeas petition) was in fact filed, and that the named defendants were, in any event, likely entitled to quasi–judicial immunity from suit. (*Id.* at 2–5.) It was also recommended that further leave to amend should be denied as futile in light of plaintiff's having already been granted guidance and an opportunity to cure the pleading deficiencies but had been unable to do so. (*Id.* at 4–5.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) On August 11, 2025, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 11.) In those objections plaintiff focuses on quasi–judicial immunity and the recommendation that he not be granted further leave to amend. (Doc. No. 11 at 2–7.) Plaintiff states that he wishes to file a second amended complaint omitting any claim for damages and asserting only claims for injunctive and declaratory relief with respect to what he contends are discriminatory policies and practices of the Butte County Superior Court aimed at certain litigants resulting in the rejection of their filings. (*Id.*) These objections do not address the magistrate judge's central basis for concluding that plaintiff had failed to state a cognizable constitutional claim – his failure to allege that he was prevented from filing any pleading with the Butte County Superior Court and his own acknowledgment that he was allowed to and did file his habeas petition in that court. (Doc. No. 10 at 3–4.) Plaintiff's objections therefore present no basis for the rejection of the pending findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

/////

---

[1]  In his objections plaintiff also moved for injunctive relief. (Doc. No. 16.) On March 3, 2026, the magistrate issued findings and recommendations recommending that this motion for injunctive relief be denied as moot in light of the dismissal of this action without leave to amend. This dismissal order renders plaintiff's motion for an injunction moot and there is no need to wait for the objection period to expire before adopting the recommendation that the motion for an injunction be denied as moot.

objections, the court concludes that both sets of findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on July 31, 2025 (Doc. No. 10) are adopted in full;

2. Plaintiff's amended complaint is dismissed without further leave to amend due to plaintiff's failure to state a cognizable claim for relief;

3. The findings and recommendations issued on March 3, 2026 (Doc. No. 16) are adopted in full;

4. Plaintiff's motion for injunction (Doc. No. 11) is denied as having been rendered moot by this order; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 17, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE